IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Walter William Cartwright, III, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>City of Minot, et al., )<br>)<br>Defendants. ) | **SCREENING ORDER**<br><br>Case No.1:24-cv-096 |

This matter is presently before the undersigned for initial review pursuant to 28 U.S.C. § 1915(e)(2). For the reasons that follow, the court finds that Plaintiff has failed to establish cognizable claims. As Plaintiff is proceeding pro se, the court shall afford him an opportunity to file an Amended Complaint.

**I.   BACKGROUND**

Plaintiff initiated the above-captioned action pro se and in forma pauperis by Complaint in May 2024. He is endeavoring to sue the City of Minot (hereafter referred to as the "City") as well as the following employees of the Minot Police Department in their individual capacities: Ashley Olson, Kristian Shaide, Jared Foley, Jordan Fruelich, Officer Sumlin, Officer Zitchock, Officer Corey, Officer Boles, Officer Talbot, and an officer with the login ID of "jebabcock" (hereafter collectively referred to as the "Officers"). He claims:

> On May 13, 2024, the defendants deprived me of property without due process of law. Amendment XIV. They knowingly took possession of my property, which I had a liberty interest in and auctioned it off to the public. They did with out prior notification or just compensation.

*  *  *

The City of Minot is believed to be responsible for the policy or custom that caused

> the violation of my clearly established right to due process, or for the failure to follow the current policy or custom that would have prevented the violation. This may well have been a defect in administrative duty.

(Doc. No. 5). He seeks to recover $30,000 in nominal damages and compensatory damages from the City and $26,000 in compensatory damages, "presumed damages," and "mental and emotional damages," punitive damages, and nominal damages from each one of the Officers.

## II.     STANDARDS GOVERNING § 1915(e)(2) REVIEW

Section 1915(e)(2) provides that, notwithstanding financial eligibility, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Federal Rule of Civil Procedure 8(a)(2) requires that a claim for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" To meet this standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007); cf. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 515 (2002) ("[T]he Federal Rules do not contain a heightened pleading standard for employment discrimination suits."). In applying the standard, the court must accept the plaintiff's factual allegations as true and make reasonable inferences in the plaintiff's favor. Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)); Jones v. Douglas Cty. Sheriff's Dep't, 915 F.3d 498, 499 (8th Cir. 2019); Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004). On the other hand, the court "is free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations." Wiles v. Capitol Indem. Corp., 280 F.3d 868, 870 (8th Cir. 2002). In other words, "[a] pleading that merely pleads

labels and conclusions, or a formulaic recitation of the elements of a cause of action, or naked assertions devoid of factual enhancement will not suffice." Hamilton v. Palm, 621 F.3d 816, 817-18 (8th Cir. 2010); see also Dunn v. White, 880 F.2d 1188, 1197 (10th Cir. 1989) (regarding a pro se plaintiff, "we will not supply additional facts, nor will we construct a legal theory for plaintiff that assumes facts that have not been pleaded."). However, in construing a pro se complaint, the Court "will not supply additional facts, nor . . . construct a legal theory for plaintiff that assumes facts that have not been pleaded." Id. (citing Dunn v. White, 880 F.2d 1188, 1197 (10th Cir. 1989)).

### III. DISCUSSION

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that the conduct of a defendant acting under color of state law deprived him of a right, privilege, or immunity secured by the United States Constitution or by federal law. 42 U.S.C. § 1983.

### A. The Officers

A defendant may not be held liable under § 1983 unless he or she was personally involved in or had direct responsibility for the constitutional violation. See Ashcroft v. Iqbal, 556 U.S. 662 (2009) ("[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."); Mayorga v. Missouri, 442 F.3d 1128, 1132 (8th Cir. 2006) ("Liability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights.") (internal quotations and citations omitted)).

Here, Plaintiff asserts generally that his property was auctioned off without his knowledge or consent. However, he does not indicate what property of his was allegedly auctioned off, when this auction allegedly occurred, how each Defendant was specifically involved in the alleged auction, or whether there is no adequate post-deprivation remedy that he may pursue. Cf. Hudson

v. Palmer, 468 U.S. 517, 533, 104 (1984) ("[A]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post deprivation remedy for the loss is available. For intentional, as for negligent deprivations of property by state employees, the state's action is not complete until and unless it provides or refuses to provide a suitable postdeprivation remedy."). Consequently, he has failed to articulate a cognizable claim against the Officers in their individual capacities. See e.g., Jones v. Roy, 449 F. App'x 526, 527 (8th Cir. 2011) (finding the plaintiff "did not state a claim against defendants in their individual capacities because he did not plead facts suggesting they were personally involved in the confiscation and deprivation of his property"). The court shall now address Plaintiff's claim against the City.

### B.  The City

Section 1983 liability for a constitutional violation may attach to a municipality if the violation resulted from (1) an "official municipal policy," Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978), (2) an unofficial "custom," id.; or (3) a deliberately indifferent failure to train or supervise, see City of Canton, Ohio v. Harris, 489 U.S. 378, 389 (1989). Policy and custom are not the same thing. "[A] 'policy' is an official policy, a deliberate choice of a guiding principle or procedure made by the municipal official who has final authority regarding such matters." Mettler v. Whitledge, 165 F.3d 1197, 1204 (8th Cir. 1999). Alternatively, a plaintiff may establish municipal liability through an unofficial custom of the municipality by demonstrating "(1) the existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees; (2) deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct;

and (3) that plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was a moving force behind the constitutional violation." <u>Snider v. City of Cape Girardeau</u>, 752 F.3d 1149, 1160 (8th Cir. 2014).

In his complaint, Plaintiff does not explicitly allege that the City has an official, adopted policy of disposing of property without first notifying or attempting to notify the property owner of its plan. Rather, he appears to be asserting there was a custom of not adhering to official policy.

Notably, Plaintiff does not allege there was a "continuing, widespread, persistent pattern of unconstitutional misconduct" in the form of taking and auctioning off property without notice. He only alleges that his property was auctioned off without notice and "[g]enerally, an isolated incident of alleged ... misconduct ... cannot, as a matter of law, establish a municipal policy or custom creating liability under § 1983." <u>Ulrich v. Pope Cnty.</u>, 715 F.3d 1054, 1061 (8th Cir. 2013). Consequently, Plaintiff has not asserted a cognizable claim against the City.

### III. <u>CONCLUSION</u>

Plaintiff has failed to state claims for which relief can be granted. The court shall afford Plaintiff an opportunity to file an Amended Complaint that addresses his original Complaint's deficiencies.

Accordingly, Plaintiff shall have until July 1, 2024, to file an Amended Complaint. Plaintiff is cautioned that the filing of an Amended Complaint completely replaces the original complaint. Consequently, the Amended Complaint must include all claims he wishes to bring along with the factual basis for them. See <u>In re Wireless Tel. Fed. Cost Recovery Fees Litig.</u>, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supersedes an original complaint and renders the original complaint without legal effect"). A failure by Plaintiff to file an Amended


Complaint by July 1, 2024, may result in the summary dismissal of this matter for failure to state a cognizable claim.

**IT IS SO ORDERED.**

Dated this 7th day of June, 2024.

*/s/ Clare R. Hochhalter*
Clare R. Hochhalter, Magistrate Judge
United States District Court